UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No: 3:18-cr-88 |
| v. | Carlton W. Reeves, District Judge |
| ARTHUR LAMAR ADAMS | |

STATUS REPORT

Alysson Mills, undersigned, in her capacity as court-appointed Special Master, respectfully requests that the Court suspend the deadline for her to file a proposed order of restitution, and states as follows:

1.

Arthur Lamar Adams, through his company Madison Timber Properties, LLC, operated a Ponzi scheme that defrauded hundreds of investors. On May 9, 2018, Adams pleaded guilty to the federal crime of wire fraud.

2.

On June 22, 2018, this Court appointed the undersigned the receiver for Adams and Madison Timber in the separate civil action styled *Securities & Exchange Commission vs. Adams, et al.*, No. 3:18-cv-00252 (S.D. Miss). As receiver, the undersigned's job is to recover money and assets for the benefit of defrauded investors.

3.

On October 30, 2018, this Court sentenced Adams to a term of imprisonment of 235 months. The Court and parties deferred the determination of appropriate restitution at that time.

4.

On November 26, 2018, on the motion of the United States Attorney's Office, this Court appointed the undersigned Special Master pursuant to 18 U.S.C. § 3664(d)(6) and instructed her to, among other things, "fashion a proposed restitution order and recommend findings to the Court on the following issues":

> (a) which entities and individuals are properly considered "victims" pursuant to 18 U.S.C. § 3663A(a)(2); (b) the proper amount of restitution owed to each victim pursuant to 18 U.S.C. §§ 3664A(b) and 3664(e); and (c) an appropriate payment schedule pursuant to, among other sections, 18 U.S.C. § 3664(i); as well as other issues that may arise under 18 U.S.C. §§ 3663, 3663A, or 3664, and as may be ordered by the Court.

5.

18 U.S.C. § 3664(d)(5) states that "the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing." However, "a sentencing court that misses the 90–day deadline nonetheless retains the power to order restitution—at least where, as here, the sentencing court made clear prior to the deadline's expiration that it would order restitution, leaving open (for more than 90 days) only the amount." *Dolan v. United States*, 560 U.S. 605, 608 (2010).

6.

Ninety days from Adams's sentencing on October 30, 2018, was January 28, 2019. That deadline was not practicable, unfortunately. Because all the information needed to determine the requisite restitution amount was yet unavailable, the Court suspended the deadline to file a proposed order of restitution, requiring instead that the undersigned notify the Court by public filing every 60 days, alongside the filing of her receiver's reports in the separate civil action styled

*Securities & Exchange Commission vs. Adams, et al.*, No. 3:18-cv-00252 (S.D. Miss), of the status of her ability to file a proposed order of restitution.

7.

Consistent with the Court's order, the undersigned hereby notifies the Court that all the information needed to determine the requisite restitution amount is yet unavailable. Although certain relevant calculations can be made, they are insufficient to recommend findings on the issues identified in the Court's order.

8.

The undersigned reiterates that she does not wish to unnecessarily delay the entry of a restitution order. Under the circumstances, delay is inevitable. For what it is worth, the delay is not prejudicial, given that the ability to pay restitution depends in the first instance on the undersigned's recovery of money and assets for the benefit of defrauded investors in her separate capacity as receiver.

9.

The undersigned will continue to advise the Court and the public of her progress, primarily through the filing of her receiver's reports in the separate civil action styled *Securities & Exchange Commission vs. Adams, et al.*, No. 3:18-cv-00252 (S.D. Miss).

Respectfully submitted,

*/s/ Alysson Mills*

FISHMAN HAYGOOD, LLP
201 St. Charles Avenue, Suite 4600
New Orleans, Louisiana 70170
Tel: 504-586-5253
Fax: 504-586-5250
amills@fishmanhaygood.com
*Special Master*

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of filing to all counsel of record.

Date:   February 21, 2019                */s/ Alysson Mills*