IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V. | CAUSE NO. 3:18-CR-88-CWR-LRA |
| ARTHUR LAMAR ADAMS | DEFENDANT |

**ORDER**

Before the Court is Arthur Lamar Adams's motion for compassionate release.[1] Docket No. 35. Having considered the applicable factors provided in 18 U.S.C. § 3553(a), the United States Sentencing Commission's relevant policy statements, and victims' statements submitted in opposition to Adams's motion, the Court concludes that the motion should be denied.

On October 31, 2018, this Court sentenced Adams to serve 235 months in federal prison for operating a Ponzi scheme that defrauded hundreds of investors. Adams is now 61 years old, has served 17 months of his sentence, and is presently in the custody of the Bureau of Prisons ("BOP") at Federal Correctional Institution Forrest City ("FCI Forrest City") in Arkansas. He suffers from hypertension, high cholesterol, psoriasis, and vertigo, and now seeks a reduction of sentence under the compassionate release provision of 18 U.S.C. § 3582(c) due to concerns about the risk of serious illness or death from exposure to the novel coronavirus ("COVID-19") while in BOP custody.

Although Adams's underlying medical conditions *might* place him at a higher risk for severe outcomes from COVID-19, these ailments alone do not rise to the level of severity required under the policy statements. *See, e.g., United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular

---

[1] Adams has made the required filing with the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A). As such, the Court need not address the exhaustion requirements.

prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Additionally, Adams has not shown that FCI Forrest City is specifically unable to manage COVID-19 or treat him adequately should he contract the virus.

A variety of Adams' victims have written the Court to oppose his motion. One victim stated that as a result of his scheme, she now has no retirement, and at 74 years old, she is left with a fixed income of $800 per month and must now clean condos in her building to subsist. Another victim claimed that due to her investments in Madison Timber Fund, she lost her granddaughter's college fund and a great deal of her life savings. And, a third victim wrote, "[Adams] defrauded me and others causing me to lose investment money utilized for my son . . . who has been a ventilator dependent quadriplegic for thirty six years." Many other comments echo the lasting financial effect Adams's conduct has had on his victims. The Court has taken into consideration their perspective and their ongoing suffering.

Moreover, considering the applicable § 3553(a) factors, the Court finds that a reduction of defendant's 235-month sentence to time served where he has served only 17 months in custody, or about 7% of his prison sentence, would not serve the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or protect the public from further crimes the defendant could commit in the future. 18 U.S.C. § 3553(a)(2)(A). Adams showed a degree of contrition for his actions, and the Court considered that in imposing sentencing, but his conduct was very serious. His Guidelines imprisonment range was 235 to 240 months primarily due to losses exceeding tens of millions of dollars caused by his fraudulent conduct. Consequently, a reduction in his sentence would result in an 18-year disparity between the Guidelines and reality,

that would simply fail to reflect the seriousness of Adams's crime. Accordingly, the relevant § 3553(a) factors do not support Adams's request for a reduction in sentence.

To the extent that Adams asks the Court to order his release to home confinement, the request is denied because this Court has no authority to designate the place of confinement. *See* 18 U.S.C. § 3621(b). It is well-settled that the BOP has the sole responsibility to choose where prisoners serve their sentences. *Moore v. United States Att'y Gen.*, 473 F.2d 1375, 1376 (5th Cir. 1973). While this Court continues to sympathize with incarcerated persons directly impacted by COVID-19, it has no authority to designate a prisoner's specific place of incarceration.

For these reasons, the motion for compassionate release is denied.

**SO ORDERED**, this the 11th day of September, 2020.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE
